## STATE OF CONNECTICUT *v.* RAYMOND BAGLEY
### (AC 25500)

Schaller, McLachlan and Stoughton, Js.

Argued January 10—officially released June 12, 2007

*Jane E. Carroll*, special public defender, for the appellant (defendant).

*Bruce R. Lockwood*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Stacey M. Haupt* and *Brian J. Leslie*, assistant state's attorneys, for the appellee (state).

STOUGHTON, J. The defendant, Raymond Bagley, has appealed from the judgment of conviction rendered after a trial to the jury. The jury found him guilty of risk of injury to a child in violation of General Statutes § 53-21 (a) (2) and sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1). The only claim made by the defendant on appeal is that the trial court abused its discretion in finding him competent to stand trial. We affirm the judgment of the trial court.

The jury reasonably could have found that on July 25, 2001, the victim,[1] a minor female, went to the defendant's apartment to play with her brother. She fell asleep on the defendant's bed and awoke to find that the defendant was on top of her and that he had his mouth on her breast. The defendant does not challenge the sufficiency of the evidence adduced against him but claims that the court improperly found that he was competent to stand trial on the charges against him, in violation of his due process rights.

The standard we use to determine whether a defendant is competent under state law to stand trial, as set forth in *Dusky* v. *United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960), is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him. *State* v. *Wolff*, 237 Conn. 633, 663, 678 A.2d 1369 (1996). This standard has been codified at General Statutes § 54-56d (a),[2] pursuant to which a defendant is not competent if he is

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual assault and risk of injury to a child, we decline to identify the victim or others through whom her identity may be ascertained pursuant to General Statutes § 54-86e.

[2] General Statutes § 54-56d (a) provides: "A defendant shall not be tried, convicted or sentenced while the defendant is not competent. For the pur-

unable to understand the proceedings against him or to assist in his defense. General Statutes § 54-56d (a); *State* v. *Wolff,* supra, 663. The defendant does not claim that he lacked a factual understanding of the proceedings against him. Instead, the defendant claims that he lacked the ability to consult with his lawyer with a reasonable degree of rational understanding and that he lacked a rational understanding of the nature of the proceedings.

Because a defendant is presumed to be competent, § 54-56d (b) provides that if he raises his competency as an issue, he must prove incompetence by a preponderance of the evidence. Competence is a legal question, which, pursuant to § 54-56d (f), must be determined by the trial court. *State* v. *DeAngelis,* 200 Conn. 224, 229, 511 A.2d 310 (1986). We review a determination of competency under the abuse of discretion standard. *State* v. *Williams,* 65 Conn. App. 59, 84, 782 A.2d 149, cert. denied, 258 Conn. 923, 782 A.2d 1251 (2001). In the application of that standard, we make every reasonable presumption in favor of the correctness of the action of the trial court. *State* v. *Garcia,* 81 Conn. App. 294, 300, 838 A.2d 1064 (2004). To the extent that the defendant argues that the court used an incorrect legal standard in evaluating his competency, one that is lower than the constitutional minimum required by the *Dusky* standard, our review is plenary. See *State* v. *Johnson,* 253 Conn. 1, 22 n.23, 751 A.2d 298 (2000).

The following additional facts are necessary for our resolution of the defendant's claim. The defendant refused to participate in his defense at trial, stating that his religious beliefs, as a Jehovah's Witness, prevented him from either defending himself or assisting others to

poses of this section, a defendant is not competent if the defendant is unable to understand the proceedings against him or her or to assist in his or her own defense."

defend him. When asked about his case, the defendant would typically either remain silent or cite passages from the Bible that he believed supported his position.

The record reveals that the defendant was evaluated for competency five times between 2002 and 2004. He was found incompetent but restorable on April 29, 2002, and committed to the Connecticut Valley Hospital in Middletown. On June 18, 2002, the competency monitor and treatment team at the hospital reported that he was uncooperative with their attempts to evaluate his competency and therefore suggested that the defendant be evaluated for an additional sixty days. On August 21, 2002, it was reported that the defendant was competent, and he was released from the hospital. On December 8, 2003, competency evaluators again concluded that the defendant was not competent to stand trial, largely because he refused to discuss his legal situation. Finally, on January 29, 2004, the competency monitor and the treatment team reported their diagnosis that the defendant was able to understand the charges against him and to assist in his defense if he chose to do so. The team concluded that the defendant's refusal to communicate with his lawyer was "a deliberate choice and it [was] not a function of any psychiatric impairment."

At the resulting competency hearing, the defendant offered all of the competency reports and produced, as the only witness at the hearing, Susan McKinley. McKinley is a licensed clinical social worker and a competency monitor for the Whiting Forensic Division of the hospital. She had helped to prepare the report of January 29, 2004, and had reviewed all of the other reports except for the first report dated April 29, 2002.

McKinley explained her report and described her largely unsuccessful attempts to interview the defendant and her observations of him. He was generally uncommunicative when team members tried to talk

to him about his case. He had been fully cooperative, however, with the admission procedure and interacted well on a daily basis with other staff and patients. It was McKinley's opinion and the opinion of every member of the evaluating team that the defendant was malingering.

The court concluded on the basis of all the evidence that the defendant was silent only when he was about to be interviewed by someone who was going to determine his competency or by his defense counsel and that it was his conscious choice to remain uncooperative and mute. The court concluded that the defendant was competent and had the ability to understand the nature of the proceedings against him and to assist in his defense.

The defendant first argues that the court ignored the evidence in the reports in which he was determined to be incompetent. To the contrary, the court stated specifically that it had looked at all of the reports. We thus conclude that the court did review the reports.

Next, the defendant argues that the court used a lower standard to review his competency to stand trial than the *Dusky* standard. Specifically, the defendant argues that the court failed to evaluate his religious beliefs and to make any determination of whether they were psychotic in nature and prevented him from having a rational understanding of the proceedings against him. After reviewing the transcript of the court's oral decision, we conclude that the court did use the correct legal standard to review the defendant's competency. First, the court properly summarized the legal standard as "whether or not the defendant is unable to understand the proceedings and unable to assist in his defense." The court then considered the various reports and testimony bearing on the defendant's ability to rationally understand the proceedings against him. It

specifically reviewed whether the defendant's unwillingness to communicate with his attorney was a conscious, voluntary choice.

Finally, the defendant claims that the court abused its discretion in concluding that he was competent to stand trial. The report of January 29, 2004, stated that the religious ideas that previously might have interfered with the defendant's thinking had not resurfaced and in any event were not psychotic in nature and did not impair his ability to think rationally about his situation. Further, the defendant's sole witness, McKinley, testified that the defendant's religious beliefs were not the result of a psychiatric illness. She further testified that his refusal to assist in his defense was a conscious choice. The court was free to credit and to rely on the testimony of McKinley and to accept the January 29, 2004 report. We conclude that the court did not abuse its discretion in finding the defendant competent to stand trial.

The judgment is affirmed.

In this opinion the other judges concurred.